UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM QUARLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:16 CV 467 |
| | ) |
| MERRILLVILLE COMMUNITY | ) |
| SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

<u>OPINION and ORDER</u>

This matter comes before the court on defendant Merrillville Community School Corporation's motion for partial judgment on the pleadings. (DE # 36.) For the reasons set forth below, defendant's motion is granted.

I.      BACKGROUND

Plaintiff Williams Quarles was employed by defendant Merrillville Community School Corporation (the "School") as a custodian from 1992 until his resignation on July 7, 2016. (DE # 31 at 3-5.) Plaintiff is African-American. (DE # 31 at 3.) He claims that the School, through its agents and employees, first discriminated against him on the basis of his race in 1989, when his application for a position at the School was denied. (*Id.*) He subsequently filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleges that the School continued to retaliate and discriminate against him from that point forward. (*Id.*)

According to plaintiff, he has been denied promotion opportunities based on his age, race, and in retaliation for filing EEOC charges against the School. (*Id.* at 3-4.) He

alleges that less senior white employees were favored for promotions, and claims that the School ultimately forced him to resign. (*Id.* at 3-4.) On July 7, 2016, he was called into a meeting with administrators from the School and union, who were all white. (*Id.*) During the meeting, School administrators allegedly told plaintiff that if he did not voluntarily resign, he would be fired. (*Id.* at 5.) Plaintiff claims that he chose to resign in order to preserve his right to retirement benefits. (*Id.*)

Plaintiff's amended complaint alleges six counts of discrimination and retaliation. (DE # 31.) In Count I, plaintiff argues that defendant, through its agents, engaged in a pattern of racial discrimination against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* In Counts II and III, plaintiff argues that defendant intentionally discriminated and retaliated against him in violation of 42 U.S.C. § 1981. (*Id.* at 6-9.) In Count IV, plaintiff alleges that defendant constructively discharged him in violation of State law. (*Id.* at 9.) In Count V, plaintiff argues that defendant is liable pursuant to 42 U.S.C. § 1983 for violating his right to equal protection and due process of the law. (*Id.* at 10-11.) Finally, in Count VI, plaintiff claims that defendant is liable for intentional infliction of emotional distress. (*Id.* at 11-12.) Defendant has filed a motion for partial judgment on the pleadings, arguing that many of the claims in the amended complaint must be dismissed. (DE # 36.)

II.    **LEGAL STANDARD**

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the court applies the same standard that is applied when

reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). That means that the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.* The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Pisciotta*, 499 F.3d at 633 (citation omitted). Factual allegations must also be sufficient to raise a right to relief above the "speculative level" to the level of "plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

### III.   ANALYSIS

#### A.   *Failure to Exhaust*

Defendant argues that many of the claims in plaintiff's amended complaint were not identified in plaintiff's relevant EEOC charges, and thus must be dismissed for failure to exhaust. "A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to' the allegations of the charge." *Kuhn v. United Airlines, Inc.*, 640 F. App'x 534, 537 (7th Cir. 2016) (internal citation omitted). "Courts review the scope of an EEOC charge liberally." *Huri v. Office*

*of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015). There

must be a reasonable relationship between the allegations in the EEOC charge and the

claims alleged in the complaint. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th

Cir. 2013). This includes claims that could reasonably be expected to grow out of an

EEOC investigation of the allegations in the charge. *Id.* "The relevant claim and the

EEOC charge must, at a minimum, describe the same conduct and implicate the same

individuals." *Huri*, 804 F.3d at 831-32. Moreover, claims are only deemed to be

"reasonably related" if there is a factual relationship between the claims. *Whitaker v.*

*Milwaukee Cty., Wisconsin*, 772 F.3d 802, 812-13 (7th Cir. 2014).

> Plaintiff filed an EEOC charge on May 16, 2016.[1] This charge stated:
>
> I am an African American who is 55 yrs old, who was hired in 1992 by the
> Respondent. I have been denied the same equal treatment afforded to
> Respondent's white employees who are younger than me (under 55/yrs),
> by the Respondent's White Principal, Lisa Patrick. On May 6, 2016, I was
> given a letter and requested to attend a meeting on May 9, 2016, that
> could result in disciplinary actions, by the Respondent's white Director of
> Operations, Joe Bardeson. On that date, I was given a reprimand for

---

[1] While neither party addressed this issue, the court notes that it may properly
consider the EEOC complaints attached to defendant's motion, without automatically
converting the motion to a motion for summary judgment pursuant to Federal Rule of
Civil Procedure 12(d). Federal Rule of Civil Procedure 10(c) provides that "[a] statement
in a pleading may be adopted by reference elsewhere in the same pleading or in any
other pleading or motion. A copy of a written instrument that is an exhibit to a pleading
is a part of the pleading for all purposes." Courts have construed Rule 10(c) to extend to
consideration of documents referenced, but not attached, to the complaint. *See Venture*
*Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("A plaintiff is
under no obligation to attach to her complaint documents upon which her action is
based, but a defendant may introduce certain pertinent documents [under Rule 10(c)] if
the plaintiff failed to do so . . . Documents that a defendant attaches to a motion to
dismiss are considered part of the pleadings if they are referred to in the plaintiff's
complaint and are central to her claim.").

bringing a student to the Principal's office following a mandate to report students who had cell phones. However Joe Bardeson, Director of Operations has reported students in violation of the same cell phone policy and it did not result in any disciplinary actions against him as it has me. I believe that had I been a white adult employee, like Mr. Bardeson, I would not have been disciplined with a reprimand for reporting a student in violation of school policy as instructed by the white Principal.

I believe that I have been discriminated against because of my race/African American in violation of Title VII of the Civil Rights Act of 1964, as amended and my age 55/yrs old in violation of the Age Discrimination in Employment Act.

(DE # 37.)

Plaintiff filed an additional EEOC charge on July 13, 2016. His charge stated:

I am an African American who is 55 years of age, who was hired in 1992 by the Respondent. I was diagnosed with a disability that I made the Respondent aware of in 2014. I filed an EEOC complaint (24E-2016-00108) against the Respondent which implicated the Respondent's white Principal, Lisa Patrick, and Respondent's white Director of Operations of Maintenance & Custodians, Joe Bardesen in April 2016. On July 7, 2016, I received a call from the Respondent and was requested to come to a meeting. During this meeting I met with the Respondent's Attorney, David Dixon, Mr. Bardensen and the Union Rep., David Smith, all white. I was intimidated with an ultimatum and threatened with immediate discharge if I didn't immediately resign. In forcing me to resign, I'm also being denied the benefits of my retirement pension. The reason given for this action was allegedly because I had not completed and returned two documents that they claim they sent to me for extending my long term disability which I never received or had any knowledge thereof.

I believe that I am being discriminated against in retaliation because I exercised my right to file an EEOC complaint which implicated Respondent administrators, in violation of Title VII of the Civil Rights Act and because of my disability in violation of the Americans with Disabilities Act of 1990.

(DE # 37-3.)

Here, the allegations in plaintiff's amended complaint impermissibly exceed the

scope of the claims he raised in his two EEOC charges. Both of his EEOC charges were

limited to discrete events: (1) the motivation for the May 9, 2016, reprimand; and (2) his

claim that the School forced him to resign in retaliation for his earlier-filed charge and

an unspecified disability. Plaintiff may not now raise allegations for racial

discrimination, harassment, failure to promote, and retaliation, that span the course of

27 years. Such claims are not reasonably related to the two specific incidents identified

in his EEOC charges. *See Hamzah*, 693 F. App'x at 458 (sexual orientation discrimination

claim was not reasonably related to EEOC charges for retaliation, age, and race

discrimination); *Kuhn*, 640 F. App'x at 537 (claims for race discrimination and

harassment were not related to EEOC charge for retaliation because claims were based

on "qualitatively different events and circumstances"); *cf. Huri*, 804 F.3d at 832 (hostile

work environment allegation reasonably related to EEOC charge for race-related

harassment because EEOC charge implicated the same individuals and behaviors). The

scope of plaintiff's claims in this case will therefore be limited to his claim that

defendant fired him in retaliation for filing the May 2016 EEOC charge.[2]

B.       *State Law Notice Requirements*

Defendant next argues that it is entitled to judgment on the pleadings with

respect to plaintiff's State law claims, Counts IV and VI, because plaintiff failed to

---

[2] While a claim for race or age discrimination based on the May 2016 reprimand itself would also be within the scope of plaintiff's EEOC charges, plaintiff did not raise any claims regarding this underlying incident in his amended complaint.

provide the notice required by the Indiana Tort Claims Act. This statute, Ind. Code

§ 34-13-3-8, requires the proponent of a State law tort claim against a political

subdivision to file a Notice of Tort Claim within 180 days after the loss occurred.

Plaintiff does not contest that he failed to issue notice under the Act within the statutory

time frame. Rather, he argues that he substantially complied with the notice

requirement when he filed his two initial federal complaints in this case, thus giving

defendant actual notice of his claims. (DE # 41 at 8-9.)

Plaintiff's argument is flawed for three reasons. First, while there is a substantial

compliance exception to the Indiana notice rule, it does not apply to cases where the

plaintiff failed to provide the statutory notice within the 180 day period. *Lyons v.

Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 259–60 (Ind. 2014) (substantial compliance

exception to the Indiana Tort Claims Act does not apply where the plaintiff took "no

steps whatsoever" to comply with the Act). Second, a defendant's actual knowledge of

the claim does not excuse a plaintiff who fails to timely file the notice. *Town of

Knightstown v. Wainscott*, 70 N.E.3d 450, 455–56 (Ind. Ct. App. 2017), *transfer denied*, 2017

WL 2364779 (Ind. May 25, 2017). Finally, plaintiff's first two federal complaints could

not have provided defendant with actual notice of his State law claims because his first

complaint contained no factual allegations and his second complaint was entirely

illegible. (DE # 1; DE # 5.) By the time plaintiff filed the operative complaint in this case,

the statutory notice period had expired.[3]

---

[3] Plaintiff also argues that defendant waived its notice argument because it failed
to raise the argument in response to plaintiff's two earlier-filed pleadings in this case.

Plaintiff failed to comply with the Indiana Tort Claims Act. Therefore, his State

law tort claims, Counts IV and VI, must be dismissed.

C.      *Failure to State a Claim pursuant to 42 U.S.C. § 1981*

Defendant argues that it is entitled to judgment on the pleadings on Counts II

and III on the basis that plaintiff may not pursue an action pursuant to 42 U.S.C. § 1981

against a state-actor, such as the defendant. Defendant is correct. *Campbell v. Forest Pres.*

*Dist. of Cook Cty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014) (holding that "§ 1983 remains the

exclusive remedy for violations of § 1981 committed by state actors"). Thus, plaintiff

may not proceed with Counts II or III, which both purport to bring a private cause of

action against the School pursuant to Section 1981.

D.      *Failure to State a Claim pursuant to 42 U.S.C. § 1983*

Defendant also argues that it is entitled to judgment on the pleadings with

respect to Count V, because plaintiff failed to state a claim for (i) a violation of his equal

protection rights; (ii) a violation of his due process rights; and (iii) failed to state a claim

for *Monell* liability.

1. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment "prohibits

intentional discrimination based on membership in a particular class, including acts of

employment discrimination." *Trigg v. Fort Wayne Comm. Schs.*, 766 F.2d 299, 300 (7th Cir.

---

(DE # 41 at 9.) This argument makes little sense in light of the fact that plaintiff first
filed a complaint with legible factual allegations when he filed his third complaint.
Thus, defendant could not have known that plaintiff was attempting to raise a State law
tort claim until plaintiff filed his third complaint.

1985) (citing *Davis v. Passman*, 442 U.S. 228, 234–35 (1979)). In the public-employment context, equal protection claims under Section 1983 are analyzed like disparate treatment claims under Title VII. *McCauley v. City of Chicago*, 671 F.3d 611, 615–16 (7th Cir. 2011).

To plead a claim of liability against a municipality or local entity under Section 1983, a plaintiff must adequately plead: (1) the deprivation of an underlying substantive right; (2) the existence of an official policy or other governmental custom; and (3) that the policy or custom was the moving force behind the deprivation of plaintiff's substantive constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Teesdale v. City of Chi.*, 690 F.3d 829, 833-34 (7th Cir. 2012); *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). "A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims ex rel. Sims*, 506 F.3d at 515.

"To state a *Monell* claim against the City for violation of [plaintiff's] right to equal protection, [plaintiff] was required to 'plead[ ] factual content that allows the court to draw the reasonable inference' that the City maintained a policy, custom, or practice of intentional discrimination against a class of persons to which [plaintiff] belonged." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (internal citation omitted).

*See also Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257–58 (2009) (to state equal

protection claim pursuant to Section 1983 plaintiff must plead facts that plausibly

support inference that harassment against plaintiff was result of municipal custom,

policy, or practice).

Here, plaintiff alleges that "the decision to discriminate against Mr. Quarles on

the basis of his race was carried out pursuant to a policy, custom or practice of

Defendant." (DE # 31 at 10.) According to plaintiff:

> The manner and method of that (sic) Defendant forced Mr. Quarles to
> resign, under the pretense of carrying out a legitimate governmental
> employment policy or function and the manner in which Defendant
> exercised its governmental practices and policies in a discriminatory
> fashion, which denied him of the benefits of his governmental
> employment benefits, all on the basis of his race, violated his right to equal
> protection in violation of the Equal Protection Clause of the Fourteenth
> Amendment.
> (*Id.*)

Yet, these allegations fall short of pleading a *Monell* claim for an equal protection

violation because plaintiff has not plead sufficient factual allegations to allow this court

to plausibly infer that plaintiff was subjected to racial discrimination due to a policy,

custom, or practice of the School. It is not enough for plaintiff to merely state that there

was a policy, custom, or practice, without any accompanying factual allegations that

would create a plausible inference that the allegation is true. *See McCauley*, 671 F.3d at

616. Thus, defendant is entitled to judgment in its favor with respect to plaintiff's equal

protection claim in Count V.

2. Due Process Claim

Finally, plaintiff claims that the School is liable pursuant to Section 1983 for violations of his due process rights. However, plaintiff fails to plead a plausible claim of a procedural due process[4] violation because he has not identified any protected property interest in his continued employment at the School. "To plead a procedural due-process claim, [a plaintiff] must allege a cognizable property interest, a deprivation of that interest, and a denial of due process." *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010). "To have a protectable property interest in a benefit, such as continued employment, a plaintiff must have more than an 'abstract need or desire for it' and more than a 'unilateral expectation of it.' Instead, a plaintiff must have a 'legitimate claim of entitlement to it.'" *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903–04 (7th Cir. 2011) (*quoting Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)). "Property interests are not created by the Constitution, but rather are created and defined by existing rules or understandings that stem from an independent source such as state law." *O'Gorman v. City of Chicago*, 777 F.3d 885, 890–91 (7th Cir. 2015) (plaintiff failed to state procedural due process claim where "he failed to identify any source of state law or rules that would establish a property interest").

---

[4] "While there are both procedural and substantive components of the Due Process Clause," where a plaintiff only raises issues of procedural due process, the court "need not consider substantive due process concerns." *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607–08 (7th Cir. 2014). Here, plaintiff's due process claim pertains to the "manner and method" in which he was allegedly forced to resign. (DE # 31 at 10.) Thus, this court will address only the viability of a procedural due process claim.

Plaintiff has not alleged that he had a legitimate claim of entitlement to his continued employment with the School. While he does make a passing reference to the fact that a union representative was present during the meeting, and thus he presumably was a member of a union, this is not sufficient to state a claim for a property interest in his continued employment with the School. *See Krieg v. Seybold*, 481 F.3d 512, 519–20 (7th Cir. 2007) ("The Supreme Court, the Seventh Circuit, and Indiana courts have all held that a collective bargaining agreement does not create an employment contract except in rare cases."). Because plaintiff failed to allege that he had a right to continued employment with the School, he has failed to state a claim under the Due Process Clause of the Fourteenth Amendment. Therefore, Count V will be dismissed.

## IV. CONCLUSION

For these reasons, defendant's motion for partial judgment on the pleadings (DE # 36) is **GRANTED**. The following claims in plaintiff's amended complaint (DE # 31) are **DISMISSED**:

- Count I for violation of Title VII, except as specified below;

- Count II for violation of 42 U.S.C. § 1981;

- Count III for violation of 42 U.S.C. § 1981;

- Count IV for constructive discharge;

- Count V for violation of 42 U.S.C. § 1983; and

- Count VI for intentional infliction of emotional distress.

The following claim in plaintiff's amended complaint (DE # 31) survives:

• Count I for violation of Title VII for forcing plaintiff to terminate his

employment with the School in retaliation for his May 2016 EEOC Charge.

**SO ORDERED.**

Date: December 22, 2017

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT